**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CASSADY G. REDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1405-M |
| ) | |
| CITY OF OKLAHOMA CITY, ) | |
| a municipal corporation, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is defendant Paul Veenker's ("Veenker") Motion to Dismiss Second Amended Complaint, filed September 20, 2012. On October 11, 2012, plaintiff filed her response, and on October 17, 2012, Veenker filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On or about April 24, 2010, Tiffany Cape allegedly assaulted Veenker. At that time, Veenker did not know the name or identity of the assailant. Plaintiff alleges that defendants LaRue and Heather Switzer (collectively, "the Switzers") had knowledge of the true identity of the attacker, but misrepresented the identity of the assailant and withheld pertinent information from the police.

In doing his own investigation, Veenker found a girl on defendant Heather Switzer's Facebook page who he believed resembled the assailant. Veenker then affirmatively represented to the police that plaintiff was the assailant. According to plaintiff, Veenker made his statements to the police on his own accord and without receiving any inducement or misinformation from anyone.[1]

---

[1] Plaintiff also alternatively alleges that Veenker reported to the police that plaintiff was the assailant based upon false information he received from the Switzers. However, as set forth in the Court's Order dismissing plaintiff's First Amended Complaint [docket no. 56], plaintiff

On June 11, 2010, plaintiff was arrested as the assailant. On or about July 6, 2010, Oklahoma County District Court Judge Larry A. Jones ordered the charges dismissed and the warrant recalled against plaintiff.

On November 3, 2011, plaintiff filed her petition in the District Court of Oklahoma County, State of Oklahoma, alleging *inter alia*, claims for deceit and conspiracy. On November 29, 2011, defendant City of Oklahoma City ("Oklahoma City") removed this action to this Court. Subsequently, plaintiff filed her first amended complaint to join Veenker as an additional defendant and to allege claims of defamation and negligence against LaRue Switzer. On July 26, 2012, the Court issued an Order granting Veenker's Motion to Dismiss First Amended Complaint.

On September 6, 2012, plaintiff filed her Second Amended Complaint. Veenker now moves to dismiss plaintiff's Second Amended Complaint because Veenker's statements to the police were absolutely privileged.

II.  Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

---

has no claim for defamation, outrage, or negligence against Veenker based upon these alternative allegations.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

III.   Discussion

Under Oklahoma law, the "litigation privilege" provides "attorneys, parties, jurors and witnesses immunity for comments or writings made during the course of or preliminary to judicial or quasi-judicial proceedings." *Samson Inv. Co. v. Chevaillier*, 988 P.2d 327, 329 (Okla. 1999). "The litigation privilege applies only when the communication is (1) relevant or has some relation to a proposed proceeding and (2) circumstances surrounding the communication have some relation to the proposed proceeding." *Id.* at 330. The Oklahoma Supreme Court has recognized the litigation privilege as an "absolute privilege." *See Kirschstein v. Haynes*, 788 P.2d 941, 945 (Okla. 1990).

Conversely, a defendant's communication to a police officer that imputes a person's involvement in a crime is afforded a qualified privilege rather than an absolute privilege. *See Johnson v. Inglis*, 123 P.2d 272, 274 (Okla. 1942); *see also Hester v. Express Metal Fabricators, L.L.C.*, No. 11–CV–126–JHP–PJC, 2011 WL 5837086, at *2 n. 29 (N.D. Okla. Nov. 21, 2011) (interpreting Oklahoma law). Therefore, a communication made to the police is privileged "only if the defendant made it in good faith, with an honest belief that it was true, and with the sole intent to aid justice, and with no malice toward the plaintiff, or intent to injure him." *Johnson*, 123 P.2d

at 274.

Here, the Court finds that Veenker's statements are not afforded an absolute privilege. Absent any Oklahoma authority that expressly finds that statements to the police constitute communication made during the course of or preliminary to a judicial or quasi-judicial proceeding,[2] the Court is disinclined to find that Veenker's statements are absolutely privileged under the litigation privilege. Moreover, the Court finds that plaintiff's claims against Veenker cannot be dismissed based on a qualified privilege because plaintiff has alleged that Veenker, without being mislead by the Switzers, maliciously represented to the police that plaintiff was the assailant when he reasonably should have known that plaintiff was not the assailant.

Accordingly, the Court finds that plaintiff's claims against Veenker should not be dismissed.

IV.   Conclusion

For the reasons stated above, the Court DENIES Veenker's Motion to Dismiss Second Amended Complaint [docket no. 66].

**IT IS SO ORDERED this 23rd day of October, 2012.**

---

[2] Upon careful review of *Kirschstein*'s litany of case, and particularly those cited by Veenker, the Court concludes that Oklahoma has not expressly found that statements to a police officer constitute a communication made during the course of or preliminary to a judicial or quasi-judicial proceeding.