# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CASSADY G. REDD, )
)
       Plaintiff, )
)
v. )   Case No. CIV-11-1405-M
)
THE CITY OF OKLAHOMA CITY, )
a municipal corporation, *et al.*, )
)
       Defendants. )

## **ORDER**

This case is scheduled for trial on the Court's January 2014 trial docket.

Before the Court is defendant Heather Switzer's ("Switzer") Motion for Summary Judgment, filed November 1, 2013. On December 06, 2013, plaintiff filed her response, and on December 13, 2013, Switzer filed her reply. Upon the parties' submissions, the Court makes its determination.

### I.    Introduction[1]

On or about April 25, 2010, Tiffany Cape ("Cape") assaulted Paul Veenker ("Veenker"), a defendant in this case. Subsequently, Veenker called the police and filed a police report for assault and battery. At that time, Veenker did not know the name or identity of the assailant.

In doing his own investigation, Veenker came to the conclusion that plaintiff was the one who attacked him. Reanna Baker and Switzer's, friends of plaintiff who were present at the time of the attack, statements allegedly led to Veenker identifying plaintiff as the attacker.[2] Veenker

---

[1] The facts set out in the introduction are set forth in the light most favorable to plaintiff.
[2] Plaintiff avers in the alternative that either (1) Switzer intentionally misled Veenker, (2) Veenker falsely represented to the police that Switzer has identified plaintiff as his assailant when she had not, or (3) Veenker on his own accord maliciously and falsely represented to the police that plaintiff was his attacker.

reported this information back to Officer Jay Cooper[3] ("Officer Cooper") and signed a municipal court citation ("citation") which stated that plaintiff is the person that attacked him. Subsequently, Detective Upshaw was assigned to this crime for further investigation. Detective Upshaw presented charges to Oklahoma County Assistant District Attorney ("ADA") Dan Gridley ("ADA Gridley") who declined the charges and referred the matter for prosecution in the Oklahoma City Municipal Court. Detective Upshaw agreed with this decision. Not happy with the results, Veenker contacted his brother-in-law Officer Cory Cooper who intervened on Veenker's behalf and contacted ADA Kevin Etherington ("ADA Etherington") to look into this case. ADA Etherington spoke to Veenker. Subsequently, ADA Etherington contacted Detective Upshaw and expressed the state's renewed interest in filing the charge. After speaking with ADA Etherington and upon his request, Detective Upshaw, although he did not believe there was sufficient probable cause to warrant a state felony charge, executed a Probable Cause Affidavit ("affidavit") which named plaintiff as the assailant and averred that Detective Upshaw believed there was probable cause to charge plaintiff with assault and battery and maiming charges. Ultimately, plaintiff was charged with aggravated assault and battery and a warrant was issued.

On June 11, 2010, plaintiff was arrested as the assailant. On or about July 6, 2010, Oklahoma County District Court Judge Larry A. Jones ordered the charges dismissed and the warrant recalled against plaintiff. Plaintiff now alleges, inter alia, state claims against Switzer. Switzer now moves for summary judgment on plaintiff's claims.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The

---

[3] Officer Cooper and Veenker had a prior business relationship where Officer Cooper helped to maintain Veenker's vehicles for a monthly fee.

moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

    A.  Negligence

Under Oklahoma law, the three essential elements of a prima facie case of negligence are: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury being proximately caused by the defendant's breach. *Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla. 1997). "The existence of a duty of care is the threshold question in any negligence action." *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007). "Whether the defendant owed the plaintiff a duty of care is a question of law for the court in a negligence action." *Id*.

The Supreme Court of Oklahoma has explained that "a duty of care may arise from a set of circumstances which would require the defendant to foresee the particular harm to the plaintiff." *Id*. To that end,

> [i]n determining the legal question of the existence of a duty of care, the court considers policy factors that lead the law to say a particular plaintiff is entitled to protection. The most important consideration in determining the existence of a duty of care is foreseeability of harm to the plaintiff. Generally, a defendant owes a duty of care to the plaintiff who is foreseeably endangered by defendant's conduct with respect to all risks that make the conduct unreasonably dangerous. Foreseeable risk of harm establishes the zone of risk to assess whether defendant's conduct created a generalized and foreseeable risk of harm to plaintiff, by a reasonable prudent person standard. Foreseeable risk of harm that will lead the law to say a particular plaintiff is entitled to protection will not generally be extended beyond reason and good sense.

*Id*.

Viewing the evidence and circumstances in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Switzer should not be granted summary judgment on plaintiff's negligence claim against her as there are disputed issues of material fact. The underlying basis for asserting her negligence claim against Switzer is plaintiff's assertion that Switzer in one way or another contributed to the misidentification of plaintiff as the assailant which ultimately led to plaintiff's wrongful arrest. Switzer denies that she told Jason Carriker[4] ("Carriker") or anyone that plaintiff attacked him. In contrast, plaintiff asserts that knowing that Veenker suffered injury and threatened to press charges, in order to protect her friend who assaulted him, Switzer told Carriker that plaintiff was the one who attacked Veenker or misled Veenker into thinking plaintiff attacked him. Upon receiving this

---

[4] Jason Carriker is one of Veenker's friends present at the scene immediately after the Veenker and Cape's incident. Carriker stated that he got plaintiff's name and her occupation from Switzer, which he used to track plaintiff down through Facebook. Upon finding plaintiff on Switzer's Facebook page, Carriker stated that he gave the information to Veenker.

4

information, plaintiff asserts Veenker incorrectly identified plaintiff to the police as the attacker. Carriker testified that although he never heard the name Cassady Redd being used by Switzer during his conversation with Switzer and Barker on the night of the incident, he does remember the name "Cassie" being used at some point.[5] Carriker also testified that he remembers Switzer telling him that "the girl that bit Paul's finger was either in dental school or something dental related" and he used this information to track plaintiff down on Facebook. *See* Pl.'s Resp. to Def.'s Summ. J. Ex. 7, Dep. of Jason Carriker, at pp. 30-32, 114.

Although there are disputes as to what statements, if any, Switzer made to Carriker or Veenker, viewing the facts in the light most favorable to plaintiff, it supports an inference that Switzer may have made some statements that led Carriker or Veenker to associate plaintiff with Veenker's attacker in attempt to protect her friend Cape, the real assailant. Based on these circumstances, Switzer owed plaintiff a duty of a care not to expose plaintiff to unreasonable risk of harm of being criminally charged and arrested for a crime she did not commit. A reasonable jury viewing these facts might find that Switzer breached this duty because it is foreseeable to a reasonable person in Switzer's position that plaintiff might be subjected to criminal charges and arrest if a person makes such false assertions to Veenker's friend, or other person, immediately after Veenker was assaulted, and that plaintiff actually did get arrested as a result of this breach of duty of care. Accordingly, the Court finds that Switzer is not entitled to summary judgment on plaintiff's negligence claim.

B.    <u>Defamation</u>

Under Oklahoma law, to establish a valid defamation claim, plaintiff must show (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault

---

[5] Although he does not recall in what context the name came up or was being used.

amounting to at least negligence on the part of the publisher, and (4) damages. *See Tanique, Inc. v. Okla. Bureau of Narcotics & Dangerous Drugs*, 99 P.3d 1209, 1217 (Okla. Civ. App. 2002) (citation omitted).

Switzer alleges that she has not made any statement regarding plaintiff, let alone a false and defamatory statement. However, as set forth above, there are genuine disputes of material fact regarding what statements Switzer made, if any, and the contents of such statements. Accordingly, the Court finds that Switzer is not entitled to summary judgment on plaintiff's defamation claim on this basis.

C. Outrage

In Oklahoma, the tort of intentional infliction of emotional distress, also known as the tort of outrage, "requires evidence of extreme and outrageous conduct coupled with severe emotional distress. To recover damages for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002) (internal citations omitted).

Additionally, the trial court has a gatekeeper role with regard to the second element of the tort of intentional infliction of emotional distress. *See id.* Specifically, the trial court "must determine whether the defendant's conduct may reasonably be regarded *so extreme and outrageous* as to permit recovery . . . ." *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1377 (Okla. 1978) (emphasis in original) (footnotes omitted). To satisfy the second element, the plaintiff must show that:

> the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency,

> and that such conduct is regarded as atrocious and utterly intolerable in a civilized community. In general, a plaintiff must prove that the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim "Outrageous!"

*Welton*, 49 P.3d at 735 (internal citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that Switzer is not entitled to summary judgment on plaintiff's outrage claim against her. As set forth above, there are genuine issues of fact as to whether Switzer actually intentionally led Veenker, Carriker, or police officers to believe plaintiff was the attacker. A reasonable trier of fact may find that, if she chooses to believe plaintiff's account, Switzer acted intentionally or recklessly resulting in extreme and outrageous conduct that caused plaintiff to suffer severe emotional distress when she made statements that led plaintiff to be wrongfully charged with a felony, arrested in her parent's home, and placed in jail, right before her life altering board exam. Accordingly, the Court finds that Switzer is not entitled to summary judgment on plaintiff's emotional distress claim as there are disputed issues of material fact.

IV.  Conclusion

Accordingly, the Court DENIES Switzer's Motion for Summary Judgment [docket no. 131].

**IT IS SO ORDERED this 31st day of December, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE