IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CASSADY G. REDD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1405-M |
| | ) | |
| THE CITY OF OKLAHOMA CITY, | ) | |
| a municipal corporation, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is scheduled for trial on the Court's January 2014 trial docket.

Before the Court is defendant's, the City of Oklahoma City, ("Defendant City") Motion for Summary Judgment and Brief in Support, filed October 31, 2013. On December 06, 2013, plaintiff filed her response, and on December 13, 2013, Defendant City filed its reply. Upon the parties' submissions, the Court makes its determination.

I.  Introduction[1]

On or about April 25, 2010, Tiffany Cape assaulted Paul Veenker ("Veenker"), a defendant in this case. Subsequently, Veenker called the police and filed a police report for assault and battery. At that time, Veenker did not know the name or identity of the assailant.

In doing his own investigation, Veenker came to the conclusion that plaintiff is the one who attacked him. Reanna Baker and Switzer's, friends of plaintiff who were present at the time of the attack, statements allegedly led to Veenker identifying plaintiff as the attacker.[2] Veenker

---

[1] The facts set out in the introduction are set forth in light most favorable to the plaintiff.
[2] Plaintiff avers in the alternative that either (1) Switzer intentionally misled Veenker, (2) Veenker falsely represented to the police that Switzer has identified plaintiff as his assailant when she had not, or (3) Veenker on his own accord maliciously and falsely represented to the police that plaintiff was his attacker.

met with Officer Cooper[3] and signed a municipal court citation ("citation") which stated that plaintiff is the person that attacked him. Subsequently, Detective Upshaw was assigned to this crime for further investigation. Defendant Upshaw presented charges to Oklahoma County Assistant District Attorney ("ADA") Dan Gridley ("ADA Gridley") who declined the charges and referred the matter for prosecution in the Oklahoma City Municipal Court. Detective Upshaw agreed with this decision. Not happy with the results, Veenker contacted his brother-in-law Officer Cory Cooper who intervened on Veenker's behalf and contacted ADA Kevin Etherington ("ADA Etherington") to look into this case. ADA Etherington spoke to Veenker. Subsequently, ADA Etherington contacted Detective Upshaw and expressed the state's renewed interest in filing the charge. After speaking with ADA Etherington and upon his request, Detective Upshaw, although he did not believe there was sufficient probable cause to warrant a state felony charge, executed a Probable Cause Affidavit ("affidavit") which named plaintiff as the assailant and averred that Detective Upshaw believed there was probable cause to charge plaintiff with assault and battery and maiming charges. Ultimately, plaintiff was charged with aggravated assault and battery and a warrant was issued.

On June 11, 2010, plaintiff was arrested as the assailant. On or about July 6, 2010, Oklahoma County District Court Judge Larry A. Jones ordered the charges dismissed and the warrant recalled against plaintiff. Plaintiff now alleges, inter alia, federal and state claims against several defendants including Defendant City. Defendant City filed this Motion for Summary Judgment.

II.     Summary Judgment Standard

---

[3] Officer Cooper and Veenker had a prior business relationship where Officer Cooper helped to maintain Veenker's vehicles for a monthly fee.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. <u>Discussion</u>

    A. <u>Federal Constitutional Claim</u>

To state a § 1983 claim, plaintiff must allege a violation of her constitutional rights and must show the alleged violation was committed by a person acting under color of state law. *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (citation omitted). To establish municipal liability under § 1983, plaintiff must demonstrate (1) the presence of a municipal custom or policy and (2) a direct link between the custom or policy and the alleged violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

An arrest does not violate the Fourth Amendment if the arrest warrant was issued pursuant to probable cause at the time of the issuance, even if later events establish that the person should not have been arrested. *Bruner v. Baker*, 506 F.3d 1021, 1026-27 (10th Cir. 2007) (citation and internal quotation marks omitted). "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (quotation omitted). In addition, an arrest warrant affidavit used to obtain an arrest warrant is defective and unconstitutional under the Fourth Amendment if the affiant knowingly or with reckless disregard for the truth includes false statements in the affidavit or omits from an arrest affidavit information which, if included, would have vitiated probable cause. **Bruner v. Baker, 506 F.3d 1021, 1026-27 (10th Cir. 2007)** (citation and quotation marks omitted). "Recklessness may be inferred from omission of facts which are clearly critical to a finding of probable cause." *DeLoach v. Bevers*, 922 F.2d 618, 622 (10th Cir. 1990) (internal quotations omitted). "However, 'allegations of negligence or innocent mistake are insufficient.'" **Bruner v. Baker, 506 F.3d 1021, 1026-27 (10th Cir. 2007)** (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

Where a material misrepresentation or false statements is alleged, the Court must determine if probable cause would still exist if the inaccurate statements are excised. **DeLoach v. Bevers, 922 F.2d 618, 622-23** (10th Cir. 1990). Conversely, where an omission of information from an affidavit is alleged, the existence of probable cause is determined "by examining the affidavit as if the omitted information had been included and inquiring if the

4

affidavit would still have given rise to probable cause for the warrant." *Steward*, 915 F.2d at 582, n. 13.

Defendant City asserts that plaintiff has not suffered a constitutional violation because, at the time of her arrest, the officers had probable cause to secure an arrest warrant. In response, plaintiff asserts that the officers lacked probable cause because the officers submitted an affidavit of probable cause that contained false statements and omitted material facts. Specifically, plaintiff asserts that Officer Cooper knowingly or recklessly had Veenker execute the citation naming plaintiff as the assailant when both Veenker and Detective Upshaw were uncertain that she was the assailant, that Detective Upshaw provided facts in the affidavit of probable cause that were false, and that Detective Upshaw omitted material information in the affidavit that would have precluded a finding of a probable cause.[4]

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence and the circumstances in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted evidence to create a genuine issue of material facts as to whether there was probable cause. Specifically, the Court finds that a reasonable jury could find that at the time of plaintiff's arrest there was no probable cause because Officer Cooper acted knowingly and/or with reckless disregard for the

---

[4] Plaintiff makes this assertion on numerous grounds, including the fact that Officer Cooper testified that Veenker, at the time of signing the citation, did not state he was certain it was plaintiff who attacked him but, instead, Veenker generally stated that plaintiff appears to be the person who assaulted him. In addition, Veenker himself testified that he never told anyone that he was certain it was plaintiff who attacked him; instead, Veenker testifies that he told the officers and ADA Etherington that plaintiff needs to be investigated. Further, Detective Upshaw, who drafted and submitted the affidavit, interviewed Veenker and generally found Veenker to be a non-credible individual who made inconsistent statements and told "half-truths". Detective Upshaw initially agreed with ADA Gridley that there was not sufficient probable cause for state charges of assault and battery and maiming; he also testified that he did not think there was probable cause for filing state charges against plaintiff but submitted the affidavit anyways because ADA Etherington asked for it.

truth when he allowed Veenker to sign the citation under these circumstances, and that Detective Upshaw prepared and submitted an affidavit that included false information, at the very least with reckless disregard to the truth, or omitted material facts that would have precluded the finding of probable cause. Accordingly, the Court finds that Defendant City is not entitled to summary judgment on this basis.

Defendant City also alleges that even if there was no probable cause to arrest plaintiff, plaintiff's claim fails as a matter of law because plaintiff cannot show Defendant City failed to train or supervise its employees. A city is subject to liability for its failure to train or supervise if the inadequacy of such training or supervision amounts to deliberate indifference to the rights of people with whom the City comes in contact. *Brown v. Gray*, 277 F.3d 1278, 1291-92 (10th Cir. 2000). To show deliberate indifference, plaintiff must show that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the City can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 391 (1989).

Viewing the evidence and circumstances in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has submitted evidence to create a genuine issue of material facts as to whether Defendant City failed to properly train or supervise its employees. Specifically, among other evidence, plaintiff relies on the testimony of Officer Cooper that Defendant City had an "unwritten rule" that permitted officers to have victims sign citations that identify and charge a suspect without further investigation even when the victim is not sure as to the identity of the offender because the department was short of detectives. Moreover, Detective Upshaw testified that it is a matter of common practice for officers to submit an affidavit of probable cause and charge packets if a

district attorney requests such packets even if the officer does not believe probable cause existed, as he had done so in this case. Detective Upshaw also testified that it is well known that officers sometimes send reports without interviewing witnesses. In response, Defendant City has provided evidence to rebut plaintiff's assertions; however, clearly it is not for the Court to weigh the evidence or the credibility of witnesses and, as such, this issue must be submitted to the jury. Accordingly, the Court finds that Defendant City is not entitled to summary judgment on this basis.

  B. State Law Claims

It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Under the GTCA, a governmental entity is liable for torts for which a private person would be liable, unless the torts are committed outside the course and scope of employment or unless they are committed in bad faith or in a malicious manner. *Id.* The GTCA exempts the City from liability arising from its "[e]xecution or enforcement of the lawful orders of any court[.]" Okla. Stat. tit. 51, § 155(3).

Defendant City asserts that plaintiff's state law claim for false arrest fails as a matter of law because the GTCA exempts Defendant City from liability arising from execution or enforcement of an arrest warrant – a lawful order issued by a court.

Viewing the evidence and circumstances in this case in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Defendant City is not exempt as a matter of law from liability for plaintiff's state law claims. There are genuine issues of material fact at dispute regarding the presence of probable cause and the

"lawful" nature of the citation, affidavit of probable cause, and the arrest warrant. Accordingly, the Court finds that Defendant City is not entitled to summary judgment on this basis.

IV. Conclusion

Accordingly, the Court DENIES Defendant City's Motion for Summary Judgment [docket no. 129].

**IT IS SO ORDERED this 31st day of December, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE