**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CASSADY G. REDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1405-M |
| | ) | |
| THE CITY OF OKLAHOMA CITY, | ) | |
| a municipal corporation, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is scheduled for trial on the Court's January 2014 trial docket.

Before the Court is defendant Paul Veenker's ("Veenker") Motion for Summary
Judgment, filed November 1, 2013. On December 06, 2013, plaintiff filed her response, and on
December 16, 2013, Veenker filed his reply. Upon the parties' submissions, the Court makes its
determination.

I.    Introduction[1]

On or about April 25, 2010, Tiffany Cape assaulted Veenker.  Subsequently, Veenker
called the police and filed a police report for assault and battery.  At that time, Veenker did not
know the name or identity of the assailant.

In doing his own investigation, Veenker came to the conclusion that plaintiff was the one
who attacked him. Reanna Baker and Switzer's, friends of plaintiff who were present at the time
of the attack, statements allegedly led to Veenker identifying plaintiff as the attacker.[2]  Veenker

---

[1] The facts set out in the introduction are set forth in the light most favorable to plaintiff.
[2] Plaintiff avers in the alternative that either (1) Switzer intentionally misled Veenker, (2)
Veenker falsely represented to the police that Switzer had identified plaintiff as his assailant
when she had not, or (3) Veenker on his own accord maliciously and falsely represented to the
police that plaintiff was his attacker.

reported this information back to Officer Jay Cooper[3] ("Officer Cooper") and signed a municipal court citation ("citation") which stated that plaintiff is the person that attacked him. Subsequently, Detective Upshaw was assigned to this crime for further investigation. Detective Upshaw presented charges to Oklahoma County Assistant District Attorney ("ADA") Dan Gridley ("ADA Gridley") who declined the charges and referred the matter for prosecution in the Oklahoma City Municipal Court. Detective Upshaw agreed with this decision. Not happy with the results, Veenker contacted his brother-in-law Officer Cory Cooper who intervened on Veenker's behalf and contacted ADA Kevin Etherington ("ADA Etherington") to look into this case. ADA Etherington spoke to Veenker. Subsequently, ADA Etherington contacted Detective Upshaw and expressed the state's renewed interest in filing the charge. After speaking with ADA Etherington and upon his request, Detective Upshaw, although he did not believe there was sufficient probable cause to warrant a state felony charge, executed a Probable Cause Affidavit ("affidavit") which named plaintiff as the assailant and averred that Detective Upshaw believed there was probable cause to charge plaintiff with assault and battery and maiming charges. Ultimately, plaintiff was charged with aggravated assault and battery and a warrant was issued.

On June 11, 2010, plaintiff was arrested as the assailant. On or about July 6, 2010, Oklahoma County District Court Judge Larry A. Jones ordered the charges dismissed and the warrant recalled against plaintiff. Plaintiff now alleges, inter alia, state claims against Veenker. Veenker now moves for summary judgment on plaintiff's claims.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The

---

[3] Officer Cooper and Veenker had a prior business relationship where Officer Cooper helped to maintain Veenker's vehicles for a monthly fee.

moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. <u>Discussion</u>

   A.    <u>Statute of Limitations</u>

Veenker asserts that plaintiff's claims for negligence, outrage, and defamation are barred by the statute of limitations.[4]

Under Oklahoma law, a defamation claim is generally governed by a one-year statute of limitations. *Davis v. Bd. of Regents for Okla. State Univ.*, 25 P.3d 308, 310 (Okla. Civ. App. 2001); *see also* Okla. Stat. tit. 12, § 95(A)(4). A claim for negligence and intentional infliction of emotional distress ("outrage") is governed by a two-year statute of limitations. *See* Okla. Stat. tit. 12, § 95(A)(3); *Cabinet Solutions, L.L.C. v. Kelly*, 288 P.3d 254, 256 (Okla. 2012)

---

[4] Veenker asserts that plaintiff should have known of her claims against Veenker on or near June 14, 2010 when she received the Information and Affidavit of Probable Cause as well as police reports stating Veenker identified her as the assailant.

(negligence); *Williams v. Lee Motor Freight, Inc.*, 688 P.2d 1294, 1297-98 (Okla. 1984) (intentional infliction of emotional distress). However, when the injury was concealed from plaintiff or the injury was unlikely to come to the attention of the injured party, the statute of limitations is "tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 840-41 (Okla. 2001) (citing *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995)).

In the case at bar, the Court finds that plaintiff has filed her negligence and outrage claims within the applicable two-year statute of limitations.[5] However, the Court finds that that the statute of limitations as to plaintiff's defamation claim has not tolled and thereby should be dismissed. Specifically, the Affidavit of Probable Cause states "Paul D. Veenker stated he was waiting on the keys to his apartment, when Cassady G. Redd came up to him and accused him of talking to 20 year old females. . . . and called him a 'dirty pervert' and attacked him". Def.'s Summ. J. Ex. 3, Aff. of Probable Cause. Plaintiff through her agent, her then attorney, had this document in her possession as early as June 14, 2010. In addition, in plaintiff's Tort Claim Letter dated February 8, 2011, plaintiff states "[d]espite his earlier statement to the police that he had no idea who the girls in question were, Mr. Veenker later police [sic] that Cassady Gayle Redd was the attacker . . . ." Def.'s Summ. J. Ex. 19, Tort Claim Letter. Thus, even taking plaintiff's assertion that Veenker repeatedly denied to her then counsel that he is the one who identified plaintiff as his attacker, a stance he takes to this day, and the fact plaintiff's Tort Notice Letter also states that Veenker stated he does not know who the girls were but will find out who the girls were from his next door neighbor Heather Switzer, the evidence in totality shows that

_____

[5] Plaintiff filed her negligence and outrage claim against Veenker on May 23, 2012. Even assuming Veenker's assertions that plaintiff should have known of her claim on or by June 14, 2010 is correct, plaintiff's negligence and outrage claims are clearly not barred as she has filed her claim within the required two-year period.

plaintiff was on notice at the very least by February 8, 2011. With reasonable diligence, plaintiff should have known to file her claim against Veenker when she filed her claims against the other defendants. Because plaintiff filed her defamation claim on May 23, 2012, more than a year after she received notice, Veenker is granted summary judgment on plaintiff's defamation claim.

    B.    <u>Immunity</u>

A defendant's communication to a police officer that imputes a person's involvement in a crime is afforded a qualified privilege rather than an absolute privilege. *See Johnson v. Inglis,* 123 P.2d 272, 274 (Okla. 1942); *see also Hester v. Express Metal Fabricators, L.L.C.,* No. 11–CV–126–JHP–PJC, 2011 WL 5837086, at *2 n. 29 (N.D. Okla. Nov. 21, 2011) (interpreting Oklahoma law). Thus, a communication made to the police is privileged "only if the defendant made it in good faith, with an honest belief that it was true, and with the sole intent to aid justice, and with no malice toward the plaintiff, or intent to injure him." *Johnson,* 123 P.2d at 274.

Here, the Court finds that Veenker is not entitled to summary judgment based on qualified immunity.[6] As set forth above, there are genuine issues of material fact regarding whether Veenker's statements were made in good faith. These disputes go directly to the contents and intent of Veenker's actual statements to the officers. Accordingly, the Court finds Veenker is not entitled to qualified immunity.

    C.    <u>Negligence</u>

Under Oklahoma law, the three essential elements of a prima facie case of negligence are: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury being proximately caused by the defendant's

---

[6] In his motion, Veenker also requests the Court to reconsider its prior ruling that Veenker is not entitled to absolute privilege. The Court denies Veenker's request, and thus, does not consider Veenker's re-arguments of this issue.

breach. *Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla. 1997). "The existence of a duty of care is the threshold question in any negligence action." *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007). "Whether the defendant owed the plaintiff a duty of care is a question of law for the court in a negligence action." *Id.*

The Supreme Court of Oklahoma has explained that "a duty of care may arise from a set of circumstances which would require the defendant to foresee the particular harm to the plaintiff." *Id.* To that end,

> [i]n determining the legal question of the existence of a duty of care, the court considers policy factors that lead the law to say a particular plaintiff is entitled to protection. The most important consideration in determining the existence of a duty of care is foreseeability of harm to the plaintiff. Generally, a defendant owes a duty of care to the plaintiff who is foreseeably endangered by defendant's conduct with respect to all risks that make the conduct unreasonably dangerous. Foreseeable risk of harm establishes the zone of risk to assess whether defendant's conduct created a generalized and foreseeable risk of harm to plaintiff, by a reasonable prudent person standard. Foreseeable risk of harm that will lead the law to say a particular plaintiff is entitled to protection will not generally be extended beyond reason and good sense.

*Id.*

Viewing the evidence and circumstances in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Veenker should not be granted summary judgment on plaintiff's claim as there are genuine issues of material facts at bar. Specifically, plaintiff alleges, in the alternative, that Veenker on his own accord either told the officers that plaintiff is the person who attacked him or told the officers that the Switzer told him that plaintiff is the one who attacked him.[7] If this allegation is true, the Court finds that

---

[7] In contrast to plaintiff's assertions, Veenker states it was Jason Cariker, his friend, who told him that plaintiff was his attacker and, as such, he had no duty to investigate Cariker's statement. In addition, Veenker asserts that he did not identify plaintiff to the officers as his attacker, he merely suggested that plaintiff should be investigated as potentially being the attacker. The

Veenker had a duty to not expose plaintiff to wrongful arrest and incarceration by negligently or recklessly and affirmatively identifying plaintiff to law enforcement as his attacker and signing a citation stating such. [8] Accordingly, the Court finds that Veenker is not entitled to summary judgment on plaintiff's negligence claim against him.

    D.    <u>Outrage</u>

In Oklahoma, the tort of intentional infliction of emotional distress, also known as the tort of outrage, "requires evidence of extreme and outrageous conduct coupled with severe emotional distress. To recover damages for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002) (internal citations omitted).

Additionally, the trial court has a gatekeeper role with regard to the second element of the tort of intentional infliction of emotional distress. *See id.* Specifically, the trial court "must determine whether the defendant's conduct may reasonably be regarded *so extreme and outrageous* as to permit recovery . . . ." *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1377

---

citation, which Veenker signed, and the affidavit of probable cause, on its face, states that Veenker identified plaintiff as his attacker.

[8] Veenker also assertsthat, even if he breached his duty, the officers' negligence is a supervening cause that terminated his liability. "A supervening cause effectively shields the original actor from liability, because it renders the original actor's breach of duty incidental or inoperatively remote or one which the original actor could not reasonably have foreseen or anticipated. The test for supervening cause is threefold: 1) the supervening act must be independent of the original act; 2) the supervening act must be adequate of itself to bring about the result; and 3) the supervening act must not be reasonably foreseeable." *Evers v. FSF Overlake Assoc.*, 77 P.3d 581, 586 (Okla. 2003). Here, the Court finds that Veenker is not entitled to summary judgment on this basis because, as set forth above, Veenker relies on disputed material facts which preclude a finding as a matter of law on this issue.

(Okla. 1978) (emphasis in original) (footnotes omitted). To satisfy the second element, the plaintiff must show that:

> the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and that such conduct is regarded as atrocious and utterly intolerable in a civilized community. In general, a plaintiff must prove that the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim "Outrageous!"

*Welton*, 49 P.3d at 735 (internal citations omitted). Having carefully reviewed the parties' submissions, the Court finds that Veenker is not entitled to summary judgment on plaintiff's outrage claim against him as there are genuine disputes of material facts at bar. Among many contentions, there are disputes as to what exactly Veenker said to the police, where he got the information he communicated to the police, and what his intentions were in signing the citation naming plaintiff as the assailant. A reasonable jury may find that Veenker in fact did act intentionally or recklessly in an extreme and outrageous manner that caused plaintiff to suffer severe emotional distress when he made statements that led to plaintiff being wrongfully charged with a felony, arrested in her parent's home, and placed in jail, right before her life altering board exam. Accordingly, the Court finds that Veenker is not entitled to summary judgment on plaintiff's emotional distress claim as there are disputed issues of material fact.

IV.    Conclusion

Accordingly, the Court DENIES in part and GRANTS in part Defendant Paul Veenker's Motion for Summary Judgment with Brief in Support [docket no. 131] as follows.

(1) Veenker's Motion is GRANTED as to plaintiff's defamation claim.

(2) Veenker's Motion is DENIED as to plaintiff's outrage and negligence claims.

**IT IS SO ORDERED this 31st day of December, 2013.**


VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE