# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSADY G. REDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1405-M |
| ) | |
| THE CITY OF OKLAHOMA CITY, ) | |
| a municipal corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is scheduled for trial on the Court's January 2014 trial docket.

Before the Court is defendants Officer Jay Cooper ("Officer Cooper") and Detective Arnold Upshaw's ("Detective Upshaw") Motion for Summary Judgment and Brief in Support, filed November 1, 2013. On December 06, 2013, plaintiff filed her response, and on December 16, 2013, defendants filed their reply. Upon the parties' submissions, the Court makes its determination.

I.  Introduction[1]

On or about April 25, 2010, Tiffany Cape assaulted Paul Veenker ("Veenker"), a defendant in this case. Subsequently, Veenker called the police and filed a police report for assault and battery. At that time, Veenker did not know the name or identity of the assailant.

In doing his own investigation, Veenker came to the conclusion that plaintiff is the one who attacked him. Reanna Baker and Switzer's, friends of plaintiff who were present at the time of the attack, statements allegedly led to Veenker identifying plaintiff as the attacker.[2] Veenker

---

[1] The facts set out in the introduction are set forth in light most favorable to the plaintiff.
[2] Plaintiff avers in the alternative that either (1) Switzer intentionally misled Veenker, (2) Veenker falsely represented to the police that Switzer has identified plaintiff as his assailant

met with Officer Cooper[3] and signed a municipal court citation ("citation") which stated that plaintiff is the person that attacked him. Subsequently, Detective Upshaw was assigned to this crime for further investigation. Defendant Upshaw presented charges to Oklahoma County Assistant District Attorney ("ADA") Dan Gridley ("ADA Gridley") who declined the charges and referred the matter for prosecution in the Oklahoma City Municipal Court. Detective Upshaw agreed with this decision. Not happy with the results, Veenker contacted his brother-in-law Officer Cory Cooper who intervened on Veenker's behalf and contacted ADA Kevin Etherington ("ADA Etherington") to look into this case. ADA Etherington spoke to Veenker. Subsequently, ADA Etherington contacted Detective Upshaw and expressed the state's renewed interest in filing the charge. After speaking with ADA Etherington and upon his request, Detective Upshaw, although he did not believe there was sufficient probable cause to warrant a state felony charge, executed a Probable Cause Affidavit ("affidavit") which named plaintiff as the assailant and averred that Detective Upshaw believed there was probable cause to charge plaintiff with assault and battery and maiming charges. Ultimately, plaintiff was charged with aggravated assault and battery and a warrant was issued.

On June 11, 2010, plaintiff was arrested as the assailant. On or about July 6, 2010, Oklahoma County District Court Judge Larry A. Jones ordered the charges dismissed and the warrant recalled against plaintiff. Plaintiff now alleges, inter alia, federal and state claims against several defendants including Officer Cooper and Detective Upshaw. The officers now move for summary judgment on plaintiff's claims.

II. <u>Summary Judgment Standard</u>

---

when she had not, or (3) Veenker on his own accord maliciously and falsely represented to the police that plaintiff was his attacker.

[3] Officer Cooper and Veenker had a prior business relationship where Officer Cooper helped to maintain Veenker's vehicles for a monthly fee.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

A. Federal Constitutional Claim

Defendants Detective Upshaw and Officer Cooper assert that they are entitled to summary judgment because they had probable cause[4] or, in in the alternative, they are entitled to qualified immunity.

---

[4] In an Order addressing defendant The City of Oklahoma City's Motion for Summary Judgment [docket no. 203] ("Court's Previous Order"), the Court has found that there are material issues of fact in dispute on the probable cause issue that precludes summary judgment for Defendant City. On similar grounds, Officer Cooper and Detective Upshaw seek summary judgment asserting that they had probable cause. For the reasons set forth in the Court's Previous Order [docket no. 203], the Court similarly finds that Detective Upshaw and Officer Cooper are not entitled to summary judgment on this basis.

"[T]o avoid [summary] judgment for the defendant based on qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Toevs v. Reid*, 646 F.3d 752, 755 (10th Cir. 2011). A right is clearly established if, objectively, "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (citation and quotations omitted). The law is clearly established, if there is a "Supreme Court or Tenth Circuit decision on point . . . [finding] the law to be as the plaintiff maintains." *Id.* (citation and quotation omitted).

The following Fourth Amendment law was clearly established at the time of the events giving rise to this suit. If an arrest without probable cause "is the subject of a [Section] 1983 action, the defendant arresting officer is 'entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest' the plaintiff" based on the information the officer possessed at that time. *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (citations omitted). "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (quotation omitted).

"Arrest warrant affiants violate the Fourth Amendment when they knowingly, or with reckless disregard for the truth, include false statements in the affidavit, or knowingly or recklessly omit from an arrest affidavit information which, if included, would have vitiated probable cause." *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (quoting *Franks v.*

4

*Delaware*, 438 U.S. 154, 155-56 (1978)) (internal citations omitted). In such a case, "the existence of probable cause is determined by setting aside the false information and . . . examining the affidavit as if the omitted information had been included[,] and inquiring if the affidavit would still have given rise to probable cause for the warrant." *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) (quoting *Stewart v. Donges*, 915 F.2d 572, 582 n. 13 (10th Cir. 1990)). If, after eliminating the false information and adding the omitted information, "the affidavit filed in support of the arrest warrant include[s] sufficient facts to demonstrate a substantial probability that plaintiff committed the crime," the affiant's errors are harmless and dismissal of the claim is appropriate. *Id.*

Viewing the evidence and circumstances in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds Officer Cooper and Defendant Upshaw[5] are not entitled to qualified immunity as there are disputed issues of material fact. Specifically, as set forth in the Court's Previous Order [docket no. 203]**,** which the Court incorporates herein by reference**,** a reasonable trier of fact could determine that defendants lacked probable cause to arrest plaintiff. As stated in the said Court's Previous Order [docket no.

---

[5] Defendant Upshaw alleges that, in the alternative, he is entitled to immunity under the doctrine of extraordinary circumstances. Under this doctrine, an officer who relies on advice from counsel is immune from prosecution after considering several factors, including: "(1) how unequivocal and specifically tailored to the particular facts giving rise to the controversy, the advice was [and] (2) whether complete information had been provided to the advising attorney . . . ." *Hollingsworth v. Hill*, 110 F.3d 733, 741 (10th Cir. 1997) (citation and quotation marks omitted). Here, the Court finds that Detective Upshaw is not entitled to qualified immunity under the extraordinary doctrine. The heart of the dispute in this matter as it pertains to Detective Upshaw is whether he failed to verify information and, instead, submitted false information in his affidavit knowingly or with reckless disregard to the truth and whether he omitted material information from his affidavit of probable cause. Defendants and plaintiff each offer evidence supporting their conflicting positions on these issues. Further, ADA Etherington has testified that he does not recall speaking to Detective Upshaw about the merits of the underlying case. Accordingly, the Court finds that Detective Upshaw is not entitled to qualified immunity because there are still material facts at issue on whether Detective Upshaw provided complete information to ADA Etherington.

203], and as set forth above, the law prohibiting arrest without a probable cause or preparing materially false or reckless affidavit of probable cause was clearly established law at the time of plaintiff's arrest. Further, if the jury believes plaintiff's assertions over defendants' rebuttal evidence and viewing such evidence objectively, a reasonable officer under those circumstances would have realized that his or her actions were unlawful because the officer would not have sufficient information to have a citation signed naming plaintiff as the assailant or to submit an affidavit of probable cause asserting probable cause existed for state charges of assault and battery and maiming. At the very least, a reasonable officer would have added the alleged omitted facts or attempted to verify the information provided to him or her before concluding that there is sufficient probable cause. Accordingly, the Court finds that Officer Cooper and Detective Upshaw are not entitled to summary judgment based upon qualified immunity.

B. State law claims

In her response brief, plaintiff asserts that defendants' motion should be treated as a partial summary judgment motion because it fails to address her state law claims.[6] Defendants in reply state that their motion is not partial and to the extent defendants have not addressed any of plaintiff's alleged state claims, it is because plaintiff has filed a vague Second Amended Complaint. Notwithstanding, defendants assert that to the extent plaintiff has asserted state law claims, plaintiff's claims are clearly time barred.

Because arguments regarding the state law claims were not raised in defendants' motion for summary judgment, the Court finds that this issue is not properly before the Court and, thus,

---

[6] Plaintiff essentially asserts that because she has brought claims against Detective Upshaw and Officer Cooper for conduct that could have occurred within the scope of the officers' employment and/or outside the scope of employment, these allegations provided notice to defendants that she is asserting state law claims.

6

the Court does not make a ruling on the state law claims allegedly asserted by plaintiff in her Second Amended Motion.

IV. Conclusion

Accordingly, the Court DENIES the "Motion for Summary Judgment of Defendants Arnold Upshaw and Jay Cooper and Brief in Support" [docket no. 130].

**IT IS SO ORDERED this 6th day of January, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE